PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 62]

Name of Offender: Deshon Lee Murphy            Case Number: 3:09-00074

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: January 8, 2010

Original Offense: 18 U.S.C § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 77 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release            Date Supervision Commenced: October 17, 2014

Assistant U.S. Attorney: Lynne Ingram            Defense Attorney: Ronald Small

---

### PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
_X_ To Consider Additional Violations / Information

---

**THE COURT ORDERS:**
☒ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this ___ day of _____, 2015,
and made a part of the records in the above case.

_____
Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place   Nashville, TN

Date    September 28, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>62</u>, has been amended as follows:

**Violation No. 4 - has been add to report new criminal conduct**

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>    <u>Nature of Noncompliance</u>

<u>1.</u>    **The Defendant shall participate in substance abuse testing and treatment, which may include a 30-day inpatient program followed by up to 90 days in a community correction center at the direction of the probation officer.**

Mr. Murphy failed to attend drug counseling on April 15, April 22, May 6, and May 14, 2015. The offender failed to report for random drug screens on April 17, 2015, and May 29, 2015.

<u>2.</u>    **The Defendant shall refrain from any unlawful use of a controlled substance.**

Mr. Murphy tested positive for marijuana at the probation office on April 10, 2015, and April 28, 2015.

<u>3.</u>    **The Defendant shall not commit another federal, state, or local crime.**

On July 7, 2015, Mr. Murphy was arrested by the Nashville Metropolitan Police Department and charged with Robbery, a Class C Felony. According to the affidavit, the offender and two other individuals robbed the victim, Nakesha Majeep, while she was in an automobile at a Citgo gas station.

Mr. Murphy appeared in Davidson County General Sessions Court on July 20, 2015. The pending Robbery charge was Nolle Prosequi.

<u>4.</u>    **The Defendant shall not commit another federal, state, or local crime.**

**On September 10, 2015, Mr. Murphy was arrested by the Nashville Metropolitan Police Department and charged with Assault, Domestic Bodily Injury, a Class A Misdemeanor. He is scheduled to appear in state court for this charge on October 14, 2015.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Murphy began his term of supervised release on October 17, 2014, and he is currently scheduled to terminate supervision on October 16, 2017. On January 7, 2015, a petition was filed with the Court reporting Mr. Murphy had not truthfully answered all inquiries by the probation officer and followed the instructions of the probation officer, had not notified the probation officer of an address change in a timely manner, had tested positive for marijuana on October 23, 2014, and had failed to secure employment while on supervision. A superseding petition was filed with the Court on February 2, 2015, for a second positive marijuana drug screen on January 21, 2015. By agreed order on March 24, 2015, the Court dismissed the violations and added the special condition for participation in substance abuse testing and treatment.

Mr. Murphy attended a substance abuse intake at Centerstone Mental Health on April 14, 2015. He attended two counseling sessions in May 2015. The offender had two negative drug screens in May 2015. Mr. Murphy reported for drug testing three times in June 2015 and the results were all negative. He reported for a drug screen on July 7, 2015, the result was negative, but the sample was diluted. Mr. Murphy was arrested prior to submitting another sample on that date. Mr. Murphy reported for a drug test on July 28, 2015, and the result was negative. **Mr. Murphy has continued to attend drug counseling regularly and has passed all his drug tests in June, July, August and September 2015.**

**The victim of the domestic assault charge, Ms. Tiffany Nixon, has called and advised the probation officer that she was mad at Mr. Murphy for "cheating" on her and called the police. She denies the offender was physically abusive to her. Attempts have been made to secure the affidavit in this offense, but have been unsuccessful to this point. Ms. Nixon informed she does not intend on pursuing the charge.**

### Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:

It is respectfully recommended that Your Honor consider this additional information when Deshon Murphy appears before the Court for the revocation hearing on November 2, 2015.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DESHON LEE MURPHY CASE NO. 3:09-00074

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003      Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Deshon Lee Murphy

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00074 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 01 / 08 / 2010
                                   month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in substance abuse testing and treatment | C |
| Shall refrain from any unlawful use of a controlled substance | C |
| Shall not commit another federal, state, or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     VI

10. **Range of Imprisonment** *(see §7B1.4(a))*     8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Deshon Lee Murphy

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____    Community Confinement _____

   Fine($)        _____    Home Detention         _____

   Other          _____    Intermittent Confinement _____

13. **Supervised Release**
   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: 1 - 3 years

14. **Departure**
   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002